UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2005-10143-PBS

UNITED STATES

V.

COURTNEY WHITE

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Courtney White, appeared before this Court for a detention hearing on January 31, 2006, pursuant to an indictment charging him with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).[1]  At the hearing, the government was represented by Assistant United States Attorney Dana Gershengorn and Mr. White was represented by Attorney James E. McCall. The government moved to detain Mr. White pursuant to 18 U.S.C. §§ 3142 (f)(1)(A) (crime of violence), (f)(1)(D) (criminal recidivism) and (f)(2)(A) (serious risk of flight).

---

[1] Following the detention hearing, this Court asked Pretrial Services ("PTS") to interview members of Mr. White's family to determine suitability to act as third-party custodians. PTS did so and provided its report shortly thereafter, on February 2, 2006.

In that an indictment is extant, probable cause exists to believe that Mr. White committed the offenses with which he is charged. <u>United States v. Vargas</u>, 804 F.2d 157, 162-63 (1st Cir. 1986). This Court need therefore only determine whether any condition or combination of conditions will reasonably assure the appearance of Mr. White as required and the safety of any other person and the community. For the reasons set forth more fully below, this Court now orders that Mr. White be DETAINED because the Court does not find that any conditions exist that would reasonably assure the safety of any other person and the community.

During the detention hearing, the government offered the credible testimony of Special Agent Lisa Rudicki, a ten-year veteran of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The Court was also aided in reaching its decision by a Pretrial Services Report ("PTS Report") and additional memorandum. The credible testimony of Special Agent Rudicki includes the averments set forth below.

On January 4, 2005, two Boston police officers and two probation officers taking part in Operation Stop Watch stopped a car with only one working headlight. The police officers recognized Mr. White, from previous encounters with him, in the car. In a pat-down of Mr. White, one of the officers found a knife.

Inside the car, the officers found a ski mask, a gun, and ammunition.  Special Agent Rudicki also testified, on cross-examination, that Mr. White was not obstructing justice at the time of his arrest and she confirmed that he had been stopped only for a routine traffic violation.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . " 18 U.S.C. § 3142 (e).  "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990).  The burden of persuasion remains with the Government on the question of flight risk.  See id. at 1181, citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985).

The issue of whether the defendant poses a danger to the community entails a  different analysis.  The Government must prove by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person and the community. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).  The meaning of clear and convincing evidence does not imply that

the judge be "plumb sure" that there is no set of conditions that will protect the public, but the judge should be "pretty sure." United States v. Gray, 651 F. Supp. 432, 438 (W.D. Ark. 1987), aff'd., 855 F.2d 858 (8th Cir.), cert. denied, 488 U.S. 866 (1988).  Nevertheless, because of the interference of pre-trial detention with the "importan[t] and fundamental . . . right" of liberty, United States v. Salerno, 481 U.S. 739, 750 (1987), this Court will not make such a finding lightly.

The Court's independent analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g).  Pursuant to Section 3142(g), the Court first looks to the nature and circumstances of the offense charged against Mr. Wilson.  While not a crime of violence, see United States v. Silva, 133 F. Supp.2d 104, 109-110 (D. Mass. 2001), the unlawful possession of a firearm by a felon is a violation of the law and of obvious concern to this Court in any situation.

Second, the Court considers the weight of the evidence against the defendant.  As noted previously, there is probable cause to believe that the defendant committed the offense with which he is charged.  Vargas, 804 F.3d at 162-63.

The third inquiry, the history and characteristics of the defendant, are of paramount importance here.  Mr. White has strong ties to Massachusetts suggesting that he is not a risk of flight – he was born here, graduated from high

school here, lives with long-term girlfriend and their eight-year old daughter in Randolph, and has additional family here as well including his parents, three sisters and two brothers.  Although Mr. White does not appear to be a risk of flight, and the Court appreciates his family's willingness to act as third-party custodians, his danger to the community is of serious concern.  Most critically, the defendant has a criminal history that includes convictions for such crimes as assault and battery with a dangerous weapon and substance act violations.  Mr. White has also previously violated terms of probation and was on probation at the time of the incident that led to the current indictment.  Such incidents demonstrate a risk to the community posed by releasing the defendant.

After considering all evidence before the Court, and the presumption of 18 U.S.C. § 3142(e), the Court concludes by clear and convincing evidence that COURTNEY WHITE poses a danger to the community that can not be vitiated by any condition or combination of conditions of release.  Accordingly, the Court ORDERS him detained pending trial.  Further, pursuant to 18 U.S.C. § 3142(i) it is ORDERED that:

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. White's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

2/22/2006            JOYCE LONDON ALEXANDER
Date            United States Magistrate Judge